# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DR. BRIAN SALVATORE** | **CIVIL ACTION NO. 3:24-CV-270** |
| **VERSUS** | |
| | **JUDGE** _____ |
| **DR. ROBERT SMITH IN HIS OFFICIAL CAPACITY AS CHANCELLOR OF LOUISIANA STATE UNIVERSITY ("LSUS") AND MR. CARLTON (TREY) JONES IN HIS OFFICIAL CAPACITY AS DEPUTY GENERAL COUNSEL FOR THE LSU BOARD OF SUPERVISORS** | |
| | **MAGISTRATE JUDGE** _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND TEMPORARY RESTRAINING ORDER

Plaintiff, Dr. Brian Salvatore, of the full age of majority, and domiciled in Caddo Parish, Louisiana, through undersigned counsel, respectfully represents as follows:

### INTRODUCTION

1.

This is a proceeding for declaratory and injunctive relief to redress the deprivation of rights secured to the plaintiff by the First and Fourteenth Amendments to the United States Constitution, Art. I §§ 2 and 7 of the Louisiana Constitution and 42 U.S.C. § 1983.

### JURISDICTION

2.

This Court has jurisdiction herein pursuant to 28 U.S. C. A. § 1331 and 28 U.S.C.A. § 1343, as this is an action for declaratory and injunctive relief and damages arising from the Defendants' violations of First and Fourteenth Amendments to the United States Constitution, Art. I §§ 2 and 7 of the Louisiana Constitution and 42 U.S.C. § 1983. This Court has supplemental jurisdiction of the

Plaintiff's state law claims under Art. I §§ 2 and 7 in accordance with 28 U.S.C. § 1967.

## VENUE

3.

Venue is appropriate in the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C.A. § 1391(b), in that the Defendant, Carlton (Trey) Jones in his official capacity, is domiciled in this district (LSA-R.S. 17:3219). Venue in this district is also appropriate under 28 U. S. C. § 1391 (b) (2) because a substantial part of the events or activities giving rise to the Plaintiff's due process claims took place in this district.

## PARTIES

4.

The Plaintiff, Brian Salvatore, is presently employed by the Louisiana State University, Shreveport, as a tenured university professor.

5.

Made Defendants herein are the following: Carlton (Trey) Jones, a resident of the full age of majority and a resident of East Baton Rouge Parish, State of Louisiana; and Dr. Robert Smith, a resident of the full age of majority and a resident of Caddo Parish, State of Louisiana.

## STATEMENT OF FACTS

6.

The Plaintiff, Dr. Brian Salvatore, is a full professor of chemistry with tenure at Louisiana State University Shreveport (LSUS). He earned tenure in 2007 and was promoted to full professor in 2012. From 2016-2022, he served as Chairman of the Department of Chemistry and Physics at LSUS.

7.

For many years, Dr. Salvatore has been vocal and outspoken about his concerns regarding hazardous environmental waste in northwest Louisiana. In 2014-2015, he spoke out regarding the emergency removal of over sixteen (16) million pounds of hazardous chemicals from Camp Minden, a Louisiana National Guard unit located east of Shreveport. He spoke out publicly against the Government's plan to open burn the hazardous chemicals at Camp Minden. He also provided scientific and technical support to a citizens group that worked to stop the open burn of the hazardous chemicals and identified safer alternatives for the destruction of those materials. His suggested alternatives were ultimately approved and adopted by the Louisiana Department of Environmental Quality, the Louisiana National Guard, the U.S. Department of Defense, and the Environmental Protection Agency ("EPA"). He also spoke out against subsequent plans to keep the burn system at Camp Minden permanently and to truck in millions of pounds of additional hazardous materials from throughout the nation. See the Affidavit of Dr. Brian Salvatore dated April 1, 2024. (Exhibit No.2).

8.

Dr. Salvatore's exercise of free speech was apparently unpopular with some people in northwest Louisiana who had an economic interest in the continuation of burning hazardous materials at Camp Minden, including the prominent Poe and Madden families.

9.

In February of 2017, LSUS Chancellor Larry Clark, informed Dr. Salvatore that a member of the Madden family had written to LSU President, F. King Alexander, to complain about Dr. Salvatore's public comments against permanently keeping the burn system at Camp Minden.

Thereafter, Dr. Salvatore observed an abrupt change in Chancellor Clark's attitude towards him, and LSUS subsequently denied Dr. Salvatore numerous well-deserved awards, recognitions, and opportunities for promotion.

10.

In June 2017, Governor John Bel Edwards appointed Dr. Salvatore as an Advocacy Commissioner on the Louisiana Environmental Education Commission, and he served in this role until 2022. In this capacity Dr. Salvatore's vocal advocacy of environmental concerns continued. For example, in December 2021, Dr. Salvatore, made an invited presentation to the Caddo Parish Commission about the potential dangers of hydraulic fracturing (fracking) to drill for natural gas within a region of Shreveport near Cross Lake, the local municipal water supply. The following Saturday at graduation, Chancellor Clark came up to Dr. Salvatore and told him that he had been "told to go after you" for making that presentation to the Caddo Parish Commission. Dr. Salvatore observed Chancellor Clark to be both unfriendly and threatening towards him during that encounter.

11.

Since that time, Dr Salvatore has continued to express himself as a member of the LSUS community and a resident of Shreveport.

12.

Now, Dr. Salvatore has been charged with thirteen (13) accusations, seeking to terminate him from his position as a tenured professor at LSUS.

13.

A number of these accusations are, on their face, clear evidence of retaliation. For example, in allegation number three (3), Dr. Salvatore is being charged for complaining about sexual harassment against his wife, who is also a tenured faculty member at LSUS. Complaints of harassment are protected speech.1 In allegation number one (1), Dr. Salvatore is charged with expressing his concerns regarding the amount of chemical waste attributed to the Science Department. In allegation number seven (7), Dr. Salvatore is being charged for reporting what he believed to be plagiarism committed by a colleague. In allegation number eight (8), Dr. Salvatore is being charged for expressing his concerns about the disposal of hazardous chemical waste by the University. In allegation number nine (9), Dr. Salvatore is being charged because he made public comments as a citizen before the Shreveport Mayor's Capital Improvement Committee. In allegation number ten (10), Dr. Salvatore is being charged for expressing his concerns about what he believed to be the University's violation of the Louisiana Open Meetings Law.

14.

In addition to these clear and obvious examples, the remaining allegations of the pre-termination letter are all rooted in Dr. Salvatore's expressional activities and are all protected speech under the First Amendment.

15.

It has been clearly established for many years that "an employee of a public entity may not be discharged for exercising his right of freedom of expression…" *Harrison v. Parker,* 31,

---

1 Complaints of discrimination and harassment within a public body are necessarily protected speech. *Blackwell v. Laque,* 275 F. Appx 363 (5th Cir. 2008); Charles v. Grief, 522 F. 3d 508, 514 (5th Cir. 2008); Victor v. McElveen, 150 F. 3d 451, 456 (5th Cir. (1998); *Modica v. Taylor*, 465 F 3d 174, 180-181 (5th Cir. 2006)

844 (La. App. 2 Cir. 05/05/99), citing: *Cabrol v. Town of Youngsville*, 106 F. 3d 101 (5th Cir. 1990), and Brawner *v. City of Richardson*, 855 F. 2d 187 (5th Cir. 1988).

16.

Nevertheless, by letter dated November 8, 2023, Dr. Smith invoked formal dismissal proceedings to consider depriving the Plaintiff of his tenure and terminating his employment at Louisiana State University ("LSUS"). A later letter dated March 6, 2024, from Provost Helen Taylor (Exhibit No. 3) informed the Plaintiff that the dismissal hearing would be held on April 8, 2024. This date was unilaterally set by the Defendants without prior notice to or consultation with Dr. Salvatore or his counsel. In fact, it is totally inappropriate, given the nature and scope of the issues alleged by the Defendants against Dr. Salvatore, and the limited time provided for adequate preparation.

### *COUNT I - VIOLATION OF THE PLAINITFF'S EXPRESSIONAL RIGHTS*

17.

The Defendants are seeking to terminate the Plaintiff's tenured employment in violation of the First and Fourteenth Amendment to the United States Constitution and La. Const. Art. I § 2& 7 because of his exercise of free speech rights.

### *COUNT II - THE DEFENDANTS ARE VIOLATING DUE PROCESS*

18.

The allegations of Dr. Smith's letter of November 8, 2023, are vague, unspecific, and overbroad, and do not provide the Plaintiff or any reasonable person with sufficient, specific information nor any reasonably specific sense or idea of what law or policy the Plaintiff has allegedly violated

19.

As a public employee and tenured university professor at LSUS, the Plaintiff has a property right and an interest in and to his employment, salary, status and positions, and a liberty interest in his good name, reputation, and freedom to work and earn a living. The Plaintiff cannot be deprived of these rights and interests, except by due process of law in accordance with the Fourteenth Amendment to the United States Constitution, and Article 1, Section 2 of the Louisiana Constitution.

20.

The Plaintiff enjoys an excellent and international professional reputation in his academic field of chemistry. The Plaintiff should be protected from having to defend himself against charges which, on their face, constitute efforts to retaliate against him for the exercising of his First Amendment freedoms, particularly under circumstances where the Defendants have repeatedly and intentionally refused to afford him his fundamental due process rights.

21.

Pursuant to the provisions of LSA-R.S. 17:3102, et seq., LSUS is an "institution of higher learning", and Plaintiff is a "Member of the faculty" of the LSUS.

22.

Defendants' proposed termination of Plaintiff is thus further governed by the provisions of LSA-R.S. 17:3101, et seq., and specifically, but not limited to, LSA-R.S. 17:3105, entitled Rules and regulations; tenure laws, which provides, by reference, that Defendant's proposed termination of Plaintiffs is governed by the Louisiana Tenure Law (LSA-R.S. 17:441, et seq.).
La. R. S. 17:3105 provides:

"The governing authority of the various institutions of higher learning may

adopt rules and regulations for the conduct of hearings to be held under the provisions of this Chapter. Nothing in this Sub-Part shall be construed as authorizing the dismissal of a teacher except for the commission of any of the acts herein prohibited. In all other cases of dismissal of a teacher, the tenure laws of this state shall apply." The "acts herein prohibited" are set forth in La. R.S. 17:443. This is an exclusive listing of acts for which a tenured professor can be disciplined. The Defendants' allegations against Dr. Salvatore do not constitute cause for discipline under this statute.

23.

LSA-R.S. 17:443 provides for and requires written and signed charges and calls for the opportunity for a hearing. The teacher can appear with counsel of his or her choice and bring witnesses. He or she also has the right to compel, by subpoena, the attendance of witnesses on his or her behalf. Such a hearing may be private or public, at the option of the teacher. Procedures shall be adopted and maintained that govern the conduct of the hearing, which shall include, at minimum, a method for the examination of witnesses and the introduction of evidence as provided by LSA-R. S. 17:443(B)(2)(B).

24.

The Board is an "agency, and the proposed hearing is an "adjudication" within the meaning of the provisions of LSA-R.S. 49:951 et seq., the Louisiana Administrative Procedures Act. (APA).

25.

In addition to the statutory requirements, because the proposed hearing seeks to revoke a tenured professor's property rights and interests to continued employment, absent good cause, the proposed dismissal action requires prior notice and an opportunity for a meaningful hearing. As

such, the Defendants' actions, as well as the proposed hearing must comply with the notice and hearing requirements contained in LSA-R.S. 49:975, which requires a hearing after reasonable notice, which notice must include at least: (1) a statement of the time, place, and nature of the hearing, (2) a statement of the legal authority and jurisdiction under which the hearing is to be held, (3) a reference to the particular sections of the statutes and rules involved, and (4) a short and plain statement of the matters asserted.

*Notice*

26.

Both the Louisiana statutory provisions cited herein, as well as the federal and state due process requirements for the taking and deprivation of Plaintiff's property interest and right in and to his tenured university employment, require at least the following:

1. Providing Plaintiff with written notices, so as to advise him of the cause for the proposed termination in sufficient detail, including the names and the nature of the testimony of the witnesses against him, the times, dates and places of all conduct or actions which form the basis of the termination actions, and any and all rules, regulations, standards, directives or laws, which Plaintiff is accused of violating, so as to enable Plaintiff to fully and adequately understand the charges being brought against him, and to have the opportunity to prepare and effectively assist counsel in their defense, and to show any error that may exist;

2. A meaningful opportunity to be heard in his own defense, before a tribunal that possesses some academic expertise and an apparent impartiality toward both Plaintiff, his witnesses and the charges;

3. The opportunity at all hearings to cross examine witnesses, present evidence, and be represented by counsel;

4. To have the hearing scheduled within a reasonable time period, which gives Plaintiff adequate time to investigate the charges, including interviewing and arranging for the appearance of and/or subpoenaing of witnesses, and to otherwise adequately prepare for the hearing;

5. To have the hearing recorded in such a manner that the proceedings can be fully

   and adequately transcribed, so as to allow Plaintiff the ability to appeal any adverse decision;

6. To be informed in writing of the final determination by the Committee representatives and/or the decision maker(s), with a statement of the reasons and evidence relied upon to support its decision.

27.

The Plaintiff has not been provided with notice which complied with due process and/or statutory requirements. The only notice does not contain or provide Plaintiff with even a single specific detail and does not specify the required facts on which Plaintiff's proposed termination actions is to be based, nor do they provide the parameters of or in any way limit the dismissal proceedings or hearing to these charges. The "charges" completely fail to meet even the bare, minimal requirements of either the statutory or federal or state constitutional due process requirements, and the Defendants' proposed dismissal action in this regard deprives Plaintiff of his right to know, in detail, the nature and content of the charges and facts upon which the university's proposed action is based, as well as depriving him of an adequate opportunity to prepare and present an effective defense.

**Hearing Date**

28

The April 8, 2024, hearing date does not satisfy the requirements of due process, because it does not give Plaintiff adequate time to investigate these matters and "charges" and prepare for the hearing, particularly since the Defendants have withheld evidence as to the issues and have even refused (and to continue to refuse) to comply with Louisiana Public Records Act.

*Hearing Preparation*

29

To no avail, the Plaintiff has requested from the Defendants, both informally in the routine course of this proceeding and formally under the Louisiana Public Records Law (LSA-R.S. 44:1, et seq.), documents which contain facts relevant to this matter, and necessary and material to his preparation of his defenses and his ability to adequately and effectively assist counsel in his defense, including cross-examining witnesses who will testify in this matter on behalf of LSUS.

30.

Article 12, Section 3 of the Louisiana Constitution of 1974 provides that "No person shall be denied the right to examine public documents, except in cases established by law." Further, LSA-R.S. 44:1, et seq., the Louisiana Public Records Law, generally gives those who are interested in the conduct of public business the right to inspect and copy public records. LSA-R.S. 44:1 specifically provides that:

> Except as otherwise provided in this Chapter or the Constitution of Louisiana, all books, records, writings, accounts, letters, recordings, memoranda, and papers, or any other documentary materials, regardless of physical form or characteristics, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state are "public records".

31.

LSA-R.S. 44:31 provides the general right to inspect, copy, or reproduce any public record (44:31B.(1)), as well as the duty of the custodian to provide access to the public records within their control (LSA-R.S. 44:31A).

## RECAPITULATION OF VIOLATION OF THE DUE PROCESS IN THIS CASE

32.

The administrative hearing planned in this case by the Defendants does not comply with procedural requirements of state and federal law and the constitutions for the following reasons:

a. The pre-termination notice is not sufficient to notify the Plaintiff, of what, if any, law, policy, rule, or regulation that he allegedly violated;

b. The pre-termination notice does not advise the Plaintiff of any witnesses who might be called to testify, in sufficient time to allow him to interview potential witnesses and arrange for the appearance of other witnesses or to otherwise adequately prepare for the hearing;

c. The Defendants have withheld material evidence from the Plaintiff and have violated the Louisiana Public Records Act, La. R.S. 44:1 at seq., in such a manner as to impede the ability of the Plaintiff and his counsel to adequately prepare for the termination hearing;

d. The Defendants' March 6, 2024, notice of the hearing date of April 8, 2024, does not provide sufficient time or opportunity for the adequate preparation for or conduct of the hearing, considering the nature and the scope of the allegations against Dr. Salvatore, the seriousness of his constitutional defenses to his charges, and the Defendants' refusal and delay in providing public records to the Plaintiff;

e. The Defendants' March 6, 2024, notice seeks to effectively emasculate the Plaintiff's right to have his retained counsel participate in a meaningful fashion in the hearing. According to the Defendants, counsel for Dr. Salvatore can attend the hearing, but he

cannot say anything, examine or cross-examine witnesses, or otherwise be heard in any manner.

## *DECLARATORY RELIEF*

33.

This is a case of actual controversy within the jurisdiction of this court. The Plaintiff has substantial rights and interests in and to his tenured employment at LSUS. Pursuant to the provisions of 28 U.S.C.A. § 2201, the Plaintiff desires and is entitled to have this court declare his rights and legal relations with the LSUS in this matter.

34.

Plaintiff further seeks a declaration by the court that the conduct of Defendants referenced herein, was and is violative of the Louisiana state statutes and constitutional provisions cited herein, as well as Plaintiff's due process and other rights under the First and Fourteenth Amendments of the Constitution of the United States.

35.

Specifically, with regard to notice and hearing of their proposed dismissal by LSUS, Plaintiff desires the Court to declare his rights with regard to his tenured employments at LSUS, including his rights under the Constitution of the United States, and Article 1, Section 2 of the Louisiana Constitution of 1974 and which prevent the Defendants from discharging him for his exercise of his First Amendment freedoms.

36.

Plaintiff further seeks a declaration by the Court that Plaintiff's tenure and employment rights, including the proposed dismissal action, are governed by the provisions of LSA-R.S. 17:3101,

et seq., and specifically, but not limited to, LSA-R.S. 17:3105, entitled Rules and regulations; tenure laws, as well as by LSA-R.S. 17:441, et seq. (the Louisiana Tenure Law), and that the conduct of the Defendants was and is violative of the referenced amendments to the United States Constitution and Louisiana Constitution and state statutes.

37.

Plaintiff further desires and asks the Court to recognize and declare his rights to notice and a fair hearing by LSA-R.S. 49:950, et seq. (Louisiana Administrative Procedure Act).

38.

Additionally, as Defendants have refused to provide requested LSUS records, Plaintiff asks the Court to declare that pursuant to LSA-R.S. 44:1, et seq., the Louisiana Public Records Law, as well as his due process rights to a fair hearing. Plaintiff is entitled to inspect and copy the requested records.

### *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff, Dr. Brian Salvatore, further respectfully prays for judgment against the Defendants, Chancellor Robert Smith and Mr. Carlton (Trey) Jones, in their official capacities, as follows:

1. For a temporary restraining order, and thereafter a preliminary and permanent injunction, prohibiting the Defendants from proceeding with the April 8,2024, termination hearing without providing the Plaintiff with due process of law, and terminating the Plaintiff's tenured employment because of his exercise of First Amendment freedoms;

2. Ordering the Defendants to pay plaintiff attorneys' fees and litigation expenses in accordance with 42 U.S.C. 1988;

3. For all costs of this proceeding; and

4. For any and all other or alternative relief allowed by law.

                                                   Respectfully submitted:

                                                   s/ J. Arthur Smith, III
                                                   **J. ARTHUR SMITH, III** (Bar No. 07730)
                                                   830 North Street
                                                   Baton Rouge, Louisiana 70802
                                                   Telephone: (225) 383-7716
                                                   Facsimile: (225) 383-7773
                                                   Email: jasmith@jarthursmith.com

                                                 *Attorney for Plaintiff*
                                                 *Dr. Brian Salvatore*


                                                 *s/ Mike Jefferson*
                                                 **MICHAEL J. JEFFERSON**
                                                 ATTORNEY AT LAW
                                                 La. Bar Roll No. 22430
                                                 P.O. Box 1906
                                                 Baton Rouge, LA 70821-1906
                                                 mjefferson@mjjefferson.com

                                                 *Attorney for Plaintiff*
                                                 *Dr. Brian Salvatore*