## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DR. BRIAN SALVATORE** | * CIVIL ACTION NO. 3:24-cv-270 |
| | * |
| **VERSUS** | * |
| | * JUDGE _____ |
| **ROBERT T. SMITH IN HIS OFFICIAL** | * |
| **CAPACITY AS CHANCELLOR OF LSU-S** | * |
| **AND TREY CARLTON (TREY) JONES** | * |
| **IN HIS OFFICIAL CAPACITY** | * |
| **AS GENERAL COUNSEL FOR LSU-S** | * |
| | * MAGISTRATE JUDGE _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### TEMPORARY RESTRAINING ORDER AND
### ORDER REGARDING PRELIMINARY INJUNCTION

It is appearing from the verified petition in this case that immediate and irreparable injury, loss or damage will result to Plaintiff by virtue of the April 8, 2024, termination hearing referred to below before notice can be served and a hearing had on Plaintiff's application for a preliminary injunction:

**IT IS ORDERED** that a temporary restraining order be issued herein according to law and without bond, directed to Robert Smith, Chancellor of Louisiana State University ("LSU-S"), and Carlton (Trey) Jones, Deputy General Counsel for LSU-S, in their official capacities, restraining, enjoining and prohibiting these Defendants, and all persons acting in concert with them, from the following:

      a. Proceeding further in this matter with the proposed termination of Dr. Brian Salvatore, including rescheduling or holding an administrative hearing before a hearing in this court is had on Plaintiff's request for a preliminary injunction and thereafter, until and unless Plaintiff is provided with legally adequate notice and the other items sought by him in his Complaint, including, but not limited to, (1) specific, detailed written notices of the charges

       against Plaintiff and other relevant facts and information, and which will be the basis of and heard at any dismissal hearing, (2) a meaningful opportunity to be heard in his own defense, before a tribunal that possesses some academic expertise and impartiality toward both Plaintiff, his witnesses and the charges, (3) the opportunity to have witnesses in his defense available and present, and to cross examine witnesses, present evidence and be represented by counsel, (4) to have the hearing scheduled within a reasonable time period after the receipt of the public records requested by the Plaintiff which will give the Plaintiff adequate time to investigate the charges, including interviewing and arranging for the appearance of and/or subpoenaing witnesses, and otherwise adequately prepare for the hearing;

  b. Infringing upon Plaintiff's freedom of expression and right to petition for the redress of grievances under federal and Louisiana law, including, but not limited to, the First and Fourteenth Amendments to the United States Constitution, and Article 1, Section of the Louisiana Constitution of 1974, pending further order of this Court.

This temporary restraining order expires at the end of ten (10) days from its date, unless extended by this Court prior to its expiration, for good cause shown, and the reasons entered of record.

**IT IS FURTHER ORDERED** that Defendants show cause on ___ day of _____, 2024 at _____ a.m. / p.m. in the Middle District of Louisiana, Baton Rouge, Louisiana, why a preliminary injunction in the form and substance of the temporary restraining order above should not be issued, to be effective during the pendency of these proceedings.

Signed in Baton Rouge, Louisiana, this _____ day of _____, 2024.

_____
JUDGE, UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA