## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

BRIAN SALVATORE                                          CIVIL ACTION

VERSUS

ROBERT SMITH, ET AL.                          NO. 24-00270-BAJ-RLB

### RULING AND ORDER

Before the Court is Plaintiff's **Motion For Temporary Restraining Order And Preliminary Injunction (Doc. 4)**, seeking entry of a temporary restraining order and preliminary injunction against Defendants Robert Smith and Carlton Jones, each in their respective official capacity, from proceeding with a termination hearing for Plaintiff, a tenured professor at Louisiana State University Shreveport (LSUS), on April 8, 2024. (Doc. 1). For reasons that follow, Plaintiff's Motion will be denied.

Federal Rule of Civil Procedure ("Rule") 65(b) provides:

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney ***only if***:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; ***and***

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b) (emphasis added).

Plaintiff alleges that he will suffer irreparable harm should the April 8 termination hearing go forward because the notice and procedures for said hearing

are inadequate. (Doc. 1 at ¶ 32). Plaintiff also contends that he will suffer irreparable harm should the hearing proceed because, if he is terminated, then the termination will be due to Plaintiff exercising his constitutionally protected right to free speech. (*Id.* at ¶ 17).

Regarding the latter contention, it is not clear to the Court at this time that the grounds for which Plaintiff's termination is sought, (Doc. 1-5), violate the First Amendment, or which grounds Plaintiff's termination will be based on, or whether Plaintiff will be terminated at all. This is therefore an insufficient reason for the Court to grant Plaintiff's Motion.

Injunctive relief is generally an "extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Group, Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)). As in *Ryon v. Burkhalter*, Plaintiff has not shown that he "will not receive a favorable outcome in the administrative hearing which [he] seek[s] to enjoin," and thus is not entitled to injunctive relief on this basis. No. CIV.A. 08-333-C, 2008 WL 2704833, at *1 (M.D. La. July 7, 2008).

Further, per LSUS Policy Statement 2.19.02, Plaintiff will have the opportunity to challenge any result or finding of the termination hearing through additional written briefs, which will then be reviewed by LSU President William F. Tate, IV, and the Board of Supervisors of Louisiana State University – each of which must approve of Plaintiff's termination. Again, the April 8 hearing does not necessarily mean that Plaintiff will be fired, and said hearing is not the final chance

for Plaintiff to argue his case. LSUS Policy Statement 2.19.02. Accordingly, Plaintiff's **potential** termination fails to amount to the "immediate and irreparable harm necessary to justify the issuance of a temporary restraining order." *Ryon*, No. CIV.A. 08-333-C, 2008 WL 2704833, at *1.

Plaintiff's former contention, that the notice and procedures for the termination hearing are inadequate, likewise does not support a grant of injunctive relief. In addition to being required to show that immediate and irreparable harm will result absent intervention from the court, movants must also clearly demonstrate a substantial likelihood of prevailing on the merits to be granted a temporary restraining order. *Valley*, 118 F.3d at 1051; *Garza v. Starr Cnty.*, 309 F. Supp. 3d 454, 456 (S.D. Tex. 2018). Plaintiff's arguments as to the notice and procedures for the termination hearing fail on both fronts.

Plaintiff contends that notice for the hearing is inadequate because it does not provide him with sufficient time to prepare for or necessary information relating to the hearing's content. (Doc. 1 at ¶ 32). Defendant Smith provided notice to Plaintiff that he was seeking Plaintiff's termination on November 8, 2023. (Doc. 1-5). Included in this notice were thirteen "charges," each of which contained a factual description of the facts and circumstances surrounding said charge, and a brief summary of the LSUS Policy Statement under which Plaintiff's termination was sought. (*Id.*).[1] Plaintiff responded to this notice on December 11, 2023. (Doc. 1-6). Plaintiff's

---

[1] The Court pauses to note that Plaintiff's five-month delay in bringing this Motion after being notified of his potential termination appears curiously at odds with Plaintiff's current position as to the immediacy and gravity of the situation.

3

response took the form of a seventeen-page letter that responded to each charge in a detailed and substantive manner. (*Id.*). On March 6, 2024, Plaintiff was instructed that his termination hearing would take place on April 3, 2024. (Doc. 1-7). The Court presumes that this hearing was rescheduled to April 8, 2024. (Doc. 1 at ¶ 16). Per the March 6 notice, Plaintiff has already been and will be provided with 1) a list of adverse witnesses that will be called at the termination hearing, 2) any documentary evidence to be used against him, 3) the presence and advice of his legal counsel at the hearing, and 4) the opportunity to cross examine any witnesses. (Doc. 1-7 at p. 2).

Plaintiff's Complaint and Memorandum In Support, (Doc. 1-2), do not show that the foregoing violates any state or federal law. Indeed, the above appears to satisfy each of the various standards demanded by Plaintiff. The November 8 letter provided the "grounds upon which . . . dismissal is based," which in this case is LSUS Policy Statement 2.19.02, (Doc. 1-5), as well as a "short and clear statement of the facts." LSA-R.S. 17:3104. These grounds and facts were incorporated in the March 6 letter notifying Plaintiff of the date, time, and procedure of his termination hearing, which also appears to satisfy LSA-R.S. 49:975. Plaintiff has provided no case law in support of his contention that a month is not a "reasonable" amount of time for notice of a termination hearing under LSA-R.S. 49:975. Further, as noted above, Plaintiff was made aware of the charges to be addressed at his termination hearing well before March 6. (Doc. 1-5).

The procedural due process rights for a terminated professor under federal law, as provided in *Walsh v. Hodge*, likewise appear to be satisfied. *See* 975 F.3d 475, 482

(5th Cir. 2020). The various notices sent to Plaintiff have advised him of the various grounds upon which Defendants seek his termination, Plaintiff has presumably been provided with the names of any witnesses to be brought against him, to the extent Defendants intend to bring any witnesses, and Plaintiff has had the opportunity to call his own. (Doc. 1-7 at p. 2).Plaintiff will also be provided with a meaningful opportunity to be heard in his own defense, and the termination hearing will proceed before a tribunal of Plaintiff's peers. (*Id.*). The Court therefore cannot conclude at this time that the notice and procedures for Plaintiff's termination hearing violate federal procedural due process rights. *Walsh*, 975 F.3d at 482 (citing *Levitt v. Univ. of Texas at El Paso*, 759 F.2d 1224, 1226 (5th Cir. 1985)).

Further, the due process rights set forth in *In re Dixon* also appear to be satisfied. *See* 2006-0950 (La. App. 1 Cir. 3/28/07), 960 So. 2d 941, 944 (stating that "[d]ue process in proceedings . . . requires that a person be informed of the charges against him; be given the opportunity to present evidence; be represented by counsel; be allowed to cross-examine witnesses against him; and be given the right to appeal.").

Finally, Plaintiff argues that La. R.S. 17:443 has been violated by the notice and procedure for the termination hearing. (Doc. 1 at ¶ 36). The application of La. R.S. 17:443 to this matter is dubious.[2] That being said, the statute requires written

---

[2] The Court was unable to locate a single case applying LSA-R.S. 17:443 to college professors. Rather, *Nelson v. State Bd. of Ed.* suggests that the statute applies only to schoolteachers. 366 So. 2d 948, 950 (La. Ct. App. 1978), *writ denied sub nom. Nelson v. the State Bd. of Educ.*, 368 So. 2d 142 (La. 1979) ("By comparison, LSA-R.S. 17:443 allows a public school teacher . . . .").

and signed charges to be given to the tenured teacher prior to any discipline, and for said teacher to be afforded the opportunity to respond. La. R.S. 17:443. That has occurred. (Docs. 1-5, 1-6). Thus, even if La. R.S. 17:443 is applicable, it does not appear to have been violated.

In addition to Plaintiff's failure to clearly demonstrate that the notice and procedural requirements under state and federal law have been or will be violated, Plaintiff does not provide an explanation as to what irreparable harm he will face should the April 8 termination hearing proceed as noticed and with the procedures outlined in the March 6 letter, (Doc. 1-7). Plaintiff's only alleged injury appears to be his possible termination and the supposed reasons therefor. This was previously determined to be insufficient grounds for injunctive relief in part because, here, the April 8 hearing is essentially the beginning, as opposed to the end, of the administrative process. Based on the foregoing, Plaintiff has clearly shown neither "a substantial likelihood of success on the merits," nor "a substantial threat of irreparable harm" for his notice and procedural claims relating to the April 8 termination hearing. *Valley*, 118 F.3d at 1051. Plaintiff is therefore not entitled to the injunctive relief he seeks at this time. *Id*.

Accordingly,

**IT IS ORDERED** that Plaintiff's request for a temporary restraining order be

and is hereby **DENIED**. The remainder of Plaintiff's claims and requested relief will

be addressed in the ordinary course.

Baton Rouge, Louisiana, this 7th day of April, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**