UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DR. BRIAN SALVATORE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-270-BAJ-RLB** |
| **DR. ROBERT SMITH, ET AL.** | |

### ORDER

Before the Court is Defendants' Motion to Strike Plaintiff's Second Amended Complaint. (R. Doc. 57). The motion is opposed. (R. Doc. 59). Defendants filed a Reply. (R. Doc. 65).

**I.    Background**

On April 4, 2024, Dr. Brian Salvatore ("Plaintiff"), a former tenured professor of chemistry at Louisiana State University at Shreveport ("LSUS"), commenced this action seeking recovery under 42 U.S.C. § 1983 from Dr. Robert Smith, Chancellor of LSUS, in his individual capacity ("Smith"), and Carlton (Trey) Jones, in his official capacity as Deputy General Counsel for the LSU Board of Supervisors ("Jones"). (R. Doc. 1).

On June 14, 2024, Smith and Jones filed a Motion to Dismiss seeking dismissal pursuant to Rule 12(b)(5) (insufficient service of process) and Rule 12(b)(2) (lack of personal jurisdiction) and a Motion for More Definite Statement pursuant to Rule 12(e). (R. Doc. 17). Plaintiff did not file an amended pleading within 21 days as required pursuant to Rule 15(a)(1).

On July 11, 2024, Smith and Jones sought to withdraw the foregoing motion based on Plaintiff's representations that he was going to complete service as required by law and file an amended pleading by July 26, 2024. (R. Doc. 28). The district judge granted the motion and struck the previously filed Rule 12(b)/(e) motion from the record. (R. Doc. 29). The district judge's order did not, however, grant leave to amend the pleadings or otherwise renew and extend the deadline to amend as a matter of course.

On July 26, 2024, Plaintiff filed a "Superseding Complaint for Declaratory Relief, Injunctive Relief, and Damages" directly into the record without seeking leave of court pursuant to Rule 15(d).[1] (R. Doc. 31). In this filing, Plaintiff names as defendants Smith and William F. Tate, IV, in his individual capacity and official capacity as President of the Louisiana State University System ("Tate") (collectively, "Defendants"). (R. Doc. 31). This pleading, which removes Jones as a defendant, alleges that Tate terminated Plaintiff's tenured employment on June 21, 2024 in violation of his rights to free speech/expression and due process under the First and Fourteenth Amendment of the U.S. Constitution and Article 1, Sections 2 and 7, of the Louisiana Constitution.

On August 6, 2024, Plaintiff filed a Motion for Leave to File Superseding and Amended Complaint. (R. Doc. 33). Plaintiff did not inform the Court that the proposed pleading was identical to the previously filed "Superseding Complaint for Declaratory Relief, Injunctive Relief, and Damages." Given that the there was no opposition, the Court granted the motion and entered the attached pleading into the record. (R. Doc. 34). Accordingly, the operative pleading is the second-filed "Superseding Complaint for Declaratory Relief, Injunctive Relief, and Damages" filed into the record with leave of court. (R. Doc. 36, "Superseding Complaint"). Plaintiff has acknowledged he has withdrawn all claims against Jones in the Superseding Complaint. (*See* R. Doc. 59 at 4).

On August 30, 2024, Defendants filed a Motion to Dismiss the Superseding Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6). (R. Doc. 44). Defendants' Motion to Dismiss

---

[1] Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

remains pending before the district judge. The Court subsequently stayed discovery in light of the qualified immunity defenses raised in the Motion to Dismiss. (R. Doc. 55).

On September 20, 2024, Plaintiff filed into the record the Second Amended Complaint at issue without seeking leave of court. (R. Doc. 56).

On October 4, 2024, Defendants filed the instant Motion to Strike. (R. Doc. 57). Defendants argue that Plaintiff's Second Amended Complaint should be struck from the record given that it was not timely filed pursuant to Rule 15(a)(1) and was not otherwise filed with written consent or leave of court as required by Rule 15(a)(2). Defendants argue that because Plaintiff failed to file an amended pleading within 21 days of the filing of Smith and Jones' Rule 12(b)/(e) motion, Plaintiff was not allowed to file the Second Amended Complaint pursuant to Rule 15(a)(1) in response to the later-filed Rule 12(b) motion.

In opposition, Plaintiff argues that the Second Amended Complaint was filed directly into the record in accordance with Rule 15(a)(1), and alternatively seeks leave to file the pleading into the record pursuant to Rule 15(a)(2). (R. Doc. 59). Plaintiff argues that because Smith and Jones' Rule 12(b)/(e) motion was ultimately withdrawn, that motion is not entitled to any legal significance and should be treated as if it was never filed. Based on this theory, Plaintiff argues that he timely filed the Second Amended Complaint within 21 days of the filing of the later-filed Rule 12(b) motion.

In reply, Defendants again argues that Plaintiff was not allowed to file the Second Amended Complaint into the record as a matter of course pursuant to Rule 15(a)(1). (R. Doc. 65).

## II. Law and Analysis

### A. Legal Standards

Amendments to pleadings are generally governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P 15(a)(1).

After the period for amendment as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The "futility" of amendments to a complaint is measured by whether "the amended complaint would

4

fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* at 873 (citations omitted).

**B.    Analysis**

Having considered the arguments of the parties, the Court concludes that Plaintiff was not permitted to file the Second Amended Complaint directly into the record as a matter of course pursuant to Rule 15(a)(1).

Plaintiff has not set forth any decisional law within the Fifth Circuit concluding that, in a multi-defendant lawsuit, a plaintiff may amend as a matter of course more than 21 days after the first defendant files a responsive pleading or motion under Rule 12(b), (e), or (f). District courts within this Circuit have held otherwise. *See Est. of Gaines v. FedEx Ground Package Sys., Inc.*, No. 21-617, 2022 WL 894108, at *2 (S.D. Miss. Mar. 25, 2022) (granting motion to strike first amended complaint filed without leave of court more than 21 days from the filing of first motion to dismiss); *Bowling v. Dahlheimer*, No. 48-610, 2019 WL 5880590, at *1-2 (E.D. Tex. Aug. 7, 2019) (affirming magistrate judge's decision on the same grounds); *see also* Fed. R. Civ. P. 15(a) advisory committee's note to 2009 amendment ("The 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period."); *Savignac v. Jones Day*, 341 F.R.D. 120, 127 (D.D.C. 2022) ("Rule 15(a)(1)(B) is phrased restrictively, not permissively; it refers to one, unbroken period for amendment as of course that begins with service of the complaint and continues through the service of the first responsive pleading or Rule 12 motion and runs for another 21 days.").

Here, there is no dispute that Plaintiff did not file an amended pleading as a matter of course within 21 days of service of Smith and Jones' Rule 12(b)/12(e) motion. Plaintiff was not allowed to amend as a matter of course outside of this 21-day window. *See Bowling v. Dahlheimer*, No. 20-40642, 2022 WL 670150, at *2 (5th Cir. Mar. 7, 2022)). Rule 15(a)(1) provides no express exception allowing a second filing of an amended pleading as a matter of course where the first-filed dispositive motion is subsequently withdrawn. Plaintiffs have submitted no controlling decisional law in support of such an exception. At most, Plaintiffs cite a Fifth Circuit decision that merely stands for the proposition that the district court erred in dismissing an action by granting a motion to dismiss addressing an "abandoned pleading" despite a properly filed subsequent amended pleading. *Cedillo v. Standard Oil Co. of Tex.*, 261 F.2d 443, 443 (5th Cir. 1958). The *Cedillo* decision does not address the withdrawal of Rule 12 motions or amendment as a matter of course pursuant to Rule 15(a)(1).

In short, Plaintiff did not file an amended pleading within the 21 days allowed after service of Smith and Jones' Rule 12(b)/12(e) motion. The withdrawal of that dispositive motion did not reinstate Plaintiffs' right to file an amended pleading as a matter of course. *See JJD Elec., LLC v. SunPower Corp., Sys.*, No. 22-1275, 2023 WL 5665585, at *3 (D.N.J. Sept. 1, 2023) ("[B]ecause Plaintiff did not file an amended complaint within twenty-one days of the first motion to dismiss being filed in this case, even though the motion was subsequently terminated, Plaintiff's right to file an amended complaint as a matter of course expired long before the case was reinstated."). In withdrawing and striking Smith and Jones' Rule 12(b)/12(e) motion, the district judge did not renew or extend Plaintiff's deadline to file an amended pleading as a matter of course pursuant to Rule 15(a)(1). Under these circumstances, any amendment of the pleadings

6

must have been sought pursuant to Rule 15(a)(2). Plaintiff seeks this relief in the context of opposing the instant Motion to Strike.

Having considered the record, the Court finds no substantial reason to deny leave to amend. Plaintiff filed the Amended Complaint into the record within 21 days of the filing of Defendants' Motion to Dismiss the Superseding Complaint. There is no Scheduling Order setting a deadline to amend the pleadings. There is also no evidence of undue delay, bad faith or dilatory motive in seeking amendment, which is expressly directed at addressing the issues raised in Defendants' Motion to Dismiss.[2] It is also the first attempt to cure the deficiencies raised by Defendants (*i.e.*, Smith and Jones) in response to the allegations in the Superseding Complaint. Finally, despite having filed a reply after Plaintiff sought amendment pursuant to Rule 15(a)(2), Defendants have not raised any substantive arguments in support of a finding that the amendments are futile or otherwise fail to address the deficiencies raised in Defendants' Motion to Dismiss.[3]

That Plaintiff's Second Amended Complaint addresses the alleged deficiencies raised in Defendants' Motion to Dismiss supports leave to amend. "A court ordinarily should not dismiss the complaint except after affording every opportunity to the plaintiff to state a claim upon which relief might be granted." *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955). The Fifth Circuit has further stated:

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the

---

[2] Plaintiff clarifies that the Superseding Complaint addresses the issues raised in the Motion to Dismiss in the context of opposing that motion. (*See* R. Doc. 58 at 8).

[3] In other briefing, Defendants argue that the allegations in the Second Amended Complaint should not be considered with respect to the pending Motion to Dismiss. (*See* R. Doc. 62 at 2). Defendants will have the opportunity to raise any arguments regarding the sufficiency of the allegations in the Second Amended Complaint in any renewed motion to dismiss.

plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Accordingly, even if the district judge granted Defendants' Motion to Dismiss, it would nevertheless be proper to allow Plaintiff another opportunity to amend the pleadings to cure any deficiencies. *See Watkins v. Gautreaux*, 515 F. Supp. 3d 500, 519 (M.D. La. 2021) (providing the plaintiff with another opportunity to amend, although the plaintiff had already amended her complaint twice, because she had not done so in response to the district judge's assessment of the sufficiency of her claims).

Given the procedural history of this action, the Court finds it appropriate to provide leave to amend the complaint in response to the pending Motion to Dismiss, deem the "Second Amended Complaint" to be the operative pleading in this action, and direct the Clerk's Office to terminate the pending Motion to Dismiss pursuant to Local Rule 12. Plaintiff is warned, however, that leave of court must be sought for any future amendment or supplementation of the pleadings unless otherwise ordered by the Court. Furthermore, in determining whether to provide additional leave to amend the pleadings, the Court will consider that Plaintiff has already had the opportunity to amend the pleadings to cure pleading deficiencies in response to a dispositive motion.

### III.  Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Strike Plaintiff's Second Amended Complaint. (R. Doc. 57) is **GRANTED IN PART and DENIED IN PART** for the reasons stated above.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave of court, pursuant to Rule 15(a)(2), for the purposes of filing Plaintiff's Second Amended Complaint into the record. Plaintiff's Second Amended Complaint (R. Doc. 56) is the operative pleading in this action. No further action is required by the Clerk's Office with respect to this filing.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 12, the Clerk's Office shall terminate Defendants' Motion to Dismiss (R. Doc. 44) without prejudice to Defendants to refile if grounds exist therefor based upon the allegations contained in Plaintiff's Second Amended Complaint (R. Doc. 56).

**IT IS FURTHER ORDERED** that Plaintiff may not file an additional amended or superseding pleading directly into the record without first obtaining leave of court.

**IT IS FURTHER ORDERED** that the parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on November 12, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**